**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Desmone BASTIAN, Defendant–
Appellant.**

No. 08–30122.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 2, 2009.

Filed Feb. 12, 2009.

Nicholas W. Brown, Susan M. Roe, Helen J. Brunner, Esq., Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Michael Craig Nance, Law Office of Michael Nance, Seattle, WA, for Defendant–Appellant.

Before: B. FLETCHER, RYMER and FISHER, Circuit Judges.

MEMORANDUM *

Desmone Bastian appeals his conviction, and denial of a new trial, on charges that he violated 18 U.S.C. § 201(b)(2). We affirm.

Bastian's argument that the evidence was insufficient turns on his view that Sandra Maas's testimony was incredible. However, we will not overturn a jury's credibility determination unless the testimony is incredible or unsubstantial on its face. *See United States v. Alvarez,* 358 F.3d 1194, 1201–02 (9th Cir.2004). We do not think Maas's testimony was, for material parts of her testimony were corroborated. In any event, even apart from Maas's testimony, Bastian's admissions, his cell phone records, and his own conduct suffice to show intent to accept consideration for passing Maas through the border. Thus, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found corrupt intent beyond a reasonable doubt. *See United States v. Carranza,* 289 F.3d 634, 641–42 (9th Cir.2002) (articulating standard); *United States v. Leyva,* 282 F.3d 623, 625–26 (9th Cir.2002).

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

Nor did the district court abuse its discretion in denying Bastian's motion for a new trial. Fed.R.Crim.P. 33(a); *United States v. Kellington,* 217 F.3d 1084, 1097 (9th Cir.2000). Even taking Mass's credibility problems into account, the court could well conclude that the verdict was not contrary to the weight of the evidence. *See United States v. Alston,* 974 F.2d 1206, 1211–12 (9th Cir.1992); *United States v. Steel,* 759 F.2d 706, 713–14 (9th Cir.1985); *United States v. Chen,* 754 F.2d 817, 821–22 (9th Cir.1985). The jury's acquittal on the marijuana importation charge does not show otherwise; acquittal on this count is not inconsistent with a guilty verdict on the bribery charge. *See United States v. Powell,* 469 U.S. 57, 64–67, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *Ferrizz v. Giurbino,* 432 F.3d 990, 992–93 (9th Cir.2005).

AFFIRMED.